# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN M. COOPER,            )
Reg. No. 07937-025,         )
                          )
        Petitioner/Defendant,  )
                          )     **CIVIL NO. 11-167-GPM**
vs.                          )
                          )     **CRIMINAL NO. 08-30066-GPM**
UNITED STATES of AMERICA,  )
                          )
        Respondent/Plaintiff.  )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Petitioner Kevin M. Cooper's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Docs. 1 and 5) and for recusal of the undersigned district judge (Doc. 3). On August 7, 2008, a jury found Cooper guilty of conspiracy to distribute and possess with intent to distribute at least 100 grams of heroin. On November 17, 2008, this Court sentenced Cooper to a term of life imprisonment.

Cooper argued on direct appeal that his conviction should be reversed because this Court mishandled his request to represent himself, denied him a fair trial by keeping him shackled throughout the proceedings, and improperly admitted prejudicial evidence that five people died from overdosing on drugs that he sold. He also argued that the Court, in imposing a life sentence, gave too much weight to the overdose deaths. The Seventh Circuit Court of Appeals affirmed Cooper's conviction and sentence on January 11, 2010, finding that while this Court erred in admitting evidence of the overdose deaths during trial, the error was harmless. *United States v. Cooper*, 591

F.3d 582 (7th Cir. 2010).  Cooper's application for a writ of certiorari to the United States Supreme Court was denied on June 28, 2010.  *Cooper v. United States*, 130 S. Ct. 3530 (2010).

In his § 2255 motion filed on March 7, 2011 (Doc. 1), Cooper raises fifteen grounds for relief:  (1) he was denied the effective assistance of appellate counsel; (2) he was denied a fair trial and sentencing due to bias of the presiding judge; (3) he was denied a speedy trial; (4) the Court improperly limited Cooper's cross-examination of the witnesses against him; (5) the prosecution improperly withheld information that Cooper could have used to impeach two of the Government's witnesses; (6) he was denied a fair trial and the ability to effectively represent himself when the Court required him to be shackled to a "hitching post" under the defense table for the duration of the trial; (7) appointed standby counsel was ineffective and violated the attorney-client privilege; (8) there was a fatal variance between the charge in the indictment and the offense alleged at trial; (9) the Government used false evidence to obtain Cooper's conviction; (10) the Court improperly admitted victim impact testimony at sentencing; (11) the indictment constituted a fraud on the Court; (12) the Government failed to prove a conspiracy; (13) the jury pool improperly excluded African-Americans; (14) Cooper was subjected to selective and vindictive prosecution; and (15) his life sentence was unauthorized and illegal.

On June 8, 2011, before the expiration of the one-year deadline to file his § 2255 motion, Cooper filed a supplemental § 2255 motion (Doc. 5).  The Court will consider this supplement along with the original motion.  *See Vitrano v. United States*, 643 F.3d 229, 233-34 (7th Cir. 2011).  The supplemental motion raises four additional grounds:  (16) the prosecutor improperly vouched for the credibility of government witnesses during closing argument; (17) the prosecution of Jarred Curtis Evans created a conflict of interest for the prosecution that was prejudicial to Cooper; (18)

the Court failed to consider Cooper's efforts and progress toward rehabilitation during sentencing; and (19) the Court improperly admitted cash confiscated from Cooper during traffic stops unrelated to the charged conspiracy.

Cooper's motion for recusal (Doc. 3) is **DENIED**. Section 2255 expressly provides that the court that imposed sentence will consider the motion to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). Cooper's affidavit is insufficient to show a *personal* bias or prejudice against him. *See* 28 U.S.C. § 144. Rather, those things about which Cooper complains in his motion occurred during the course of the proceedings in this case, and the merits of Cooper's complaints will be addressed in the context of his § 2255 motion.

The Government is **ORDERED** to file a response to Cooper's motion and supplement within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED**.

DATED: 09/01/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge