IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KEVIN M. COOPER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 11-00167-GPM |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter comes before the Court *sua sponte* pursuant to Federal Rule of Procedure 60(a), which allows a court to correct a mistake or oversight when one is discovered in an order. FED. R. CIV. P. 60(a)("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice.").

Here, Mr. Kevin Cooper filed his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on March 7, 2011 (Doc. 1). On June 8, 2011, Mr. Cooper filed a "supplement" to his initial motion (Doc. 5). On November 26, 2012, Mr. Cooper filed a second "supplement" to his § 2255 motion (Doc. 16). A review of each of these documents reveals that Mr. Cooper intended both to be s*upplements* to his initial petition and not a superseding or second successive document. Through this Court's oversight, the Court neglected to address, analyze, and pass on the supplemental issues raised by Mr. Cooper. The Court will now pass on each supplemental contention raised by Mr. Cooper, keeping in mind the rules, facts, and analysis articulated by this Court in its December 5, 2012 Order. *See United States v. Stuart*, 392

F.2d 60, 62 (3rd Cir. 1968) (Rule 60(a) "permits the correction of irregularities which becloud but do not impugn. To that end 60(a) permits, inter alia, reasonable additions to the record.").

The first supplemental claim asserted by Mr. Cooper is that the prosecutor improperly vouched for the credibility of government witnesses during his closing argument (Doc. 5, p. 2). The Court finds this claim is procedurally defaulted. To recapitulate, a § 2255 petition cannot raise: "(1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-constitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal." *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States,* 26 F.3d 717 (7th Cir. 1994). Mr. Cooper's claim that the prosecutor improperly vouched for the credibility of witnesses could have been raised on direct appeal, but was not. *See United States v. Washington*, 417 F.3d 780, 786 (7th Cir. 2005) (The Seventh Circuit, on direct appeal, affirmed Defendant's conviction even though "we think that the rebuttal could have been more artful and that some of the comments pushed the bounds of zealous advocacy.").

A claim that has been procedurally defaulted may only be raised in a § 2255 motion if the defendant shows "actual innocence" or cause for the default and actual prejudice. *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008). A petitioner can establish cause for the default either by showing ineffective assistance of counsel or by showing an external impediment that prevented him from presenting these arguments prior to this § 2255 motion. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Actual prejudice requires a showing that, but for the errors at trial, there is a "reasonable probability that the result of the trial would have been different." *Strickler v. Greene*, 527 U.S. 263, 299-30 (1999).

Here, a review of the record reveals that the prosecutor simply said the words "I believe" during his closing argument, which Mr. Cooper contends is vouching for credibility. *United States v. Kevin Cooper*, S.D.Ill. Criminal Case No. 08-30066-GPM (Doc. 84, Trial Transcript Day 2 of 3, p. 198). The context of the statement reveals the prosecutor was not vouching for the credibility of a witness. Rather, the prosecutor simply used the words as a matter of what he recalled the testimony to be at trial. (*Id.*) Mr. Cooper cannot show cause and prejudice because the prosecutor was *not* vouching for the credibility of the witness. Therefore this claim fails.

Next, Mr. Cooper contends the Government created a conflict of interest that was prejudicial when it prosecuted Jarred Curtis Evans. A review of Mr. Cooper's supplemental motion (Doc. 5, p.4-5) reveals this alleged "conflict of interest" is premised on the fact Mr. Evans testified against Mr. Cooper at trial and was allegedly given a more lenient sentence as a result of his testimony (Doc. 5). Again, this claim could have and should have been raised on direct appeal. Mr. Cooper did not raise this claim and it is therefore procedurally defaulted.

Moreover, Mr. Cooper has shown no cause for the default or prejudice. A plea agreement between two parties and "the sentence and immunity agreements that make up the alleged plea agreement in [the] case - - are contracts . . . and determining the existence and meaning of such contracts is governed by ordinary contract principles . . . ." *United States v. Sophie*, 900 F.2d 1064, 1071 (7th Cir. 1990) (internal citations omitted). The terms of a plea bargain "necessarily must be interpreted in light of the *parties'* reasonable expectations." *United States v. Fields*, 766 F.2d 1161, 1168 (7th Cir. 1985) (emphasis added). Mr. Cooper was certainly not a party to the plea agreement between Jarred Curtis Evans and the Government. It is perplexing why Mr. Cooper believes he can now challenge that plea and sentencing agreement in *this* litigation. In any event, Mr. Cooper provides no legal basis for his position. This claim fails.

Mr. Cooper's next supplemental claim is that the Court failed to consider his efforts and progress towards rehabilitation during sentencing. This claim is subject to procedural default. Mr. Cooper raised several issues about the sentencing phase of his case on direct appeal. *See United States v. Cooper*, 591 F.3d 582 (7th Cir. 2010). The Court's failure to consider rehabilitation during sentencing was not one of those issues. *Id*. Moreover, there is no showing of cause or prejudice. The United States Court of Appeals, on direct appeal, found the sentencing phase of Mr. Cooper's case was both procedurally sound and substantively reasonable. *Id.* at 590-91. A review of the sentencing transcript shows the Court considered the sentencing factors at length in arriving at and supporting its decision to sentence Mr. Cooper to life imprisonment. *United States v.Cooper*, Criminal Case No. 08-30066 GPM (Doc. 115, p. 24-29). Nothing in 18 U.S.C. § 3553(a) suggests the Court should consider post-conviction progress towards rehabilitation. This claim fails.

Additionally, Mr. Cooper contends the Court improperly admitted cash, confiscated from Mr. Cooper during a traffic stop unrelated to the charged conspiracy. Not surprisingly, Mr. Cooper has never asserted this contention until now and this claim is therefore procedurally defaulted. The specific evidence Mr. Cooper is referring to is evidence that was admitted through Detective Dan Purcell. *United States v.Cooper*, Criminal Case No. 08-30066 GPM (Doc. 82, Trial Transcript Day 1 of 3, p. 59-91). The money was prerecorded by Detective Purcell and used for an arranged buy. (*Id.*) It is well settled that "[e]vidence of unexplained wealth is probative and therefore admissible if it 'creates a reasonable inference of the defendant's involvement in the drug conspiracy or trafficking.'" *United States v. Penny*, 60 F.3d 1257, 1263 (7th Cir. 1995) (quoting *United States v. Davis* 789 F. Supp. 1130, 1132 (D. Kan. 1992)).

Accordingly, there can be now showing of cause or prejudice because this type of evidence was properly admissible. Again, this claim fails.

Finally, the Court must address Mr. Cooper's second supplemental motion filed on November 26, 2012 (Doc. 16). The Seventh Circuit has instructed district courts to "examine the substance of the filing to determine whether it is in fact a § 2255 motion that might be second or successive." *Vitrano v. United States,* 643 F. 3d 229, 233 (7th Cir. 2011). Here, a review of Mr. Cooper's second supplemental motion informs the Court he intended to assert claims in addition to his initial filing and not supersede his initial petition. The timing of Mr. Cooper's second supplemental filing raises serious concern of undue delay, bad faith, or dilatory motive. *Id*. Mr. Cooper did not seek leave of the Court to amend his petition as is required under the Federal Rules of Procedure. *See* FED. R. CIV. P. 15(a)(2). Yet a review of the supplemental claims informs the Court that the best course of action is to let the two additional claims stand and pass on each.

Mr. Cooper claims his right to due process and his right to compulsory process were violated when the Court reviewed his witness list (Doc. 16). Again, this claim was not raised on direct appeal and is subject to procedural default. There is no cause or prejudice because Mr. Cooper can make no showing that, but for the errors at trial, there is a "reasonable probability that the result of the trial would have been different." *Strickler*, 527 U.S. at 299-30. The Court reviewed Mr. Cooper's witness list with Mr. Cooper and the Government in open court, line by line and witness by witness. *United States v.Cooper*, Criminal Case No. 08-30066-GPM (Sealed Doc. 48, All Pending Motions Hearing). Some of the potential witnesses identified by Mr. Cooper were expected to be called by the Government at trial. (*Id.*) Some of the witnesses were excluded by the Court as cumulative and duplicative. (*Id.*); *See also* FED. R. EVID. 403 ("The

court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . needlessly presenting cumulative evidence."). Finally, the Court advised Mr. Cooper that every effort would be made to secure the witnesses not on the Government's list and not otherwise excludable. *United States v.Cooper*, Criminal Case No. 08-30066-GPM (Sealed Doc. 48, All Pending Motions Hearing). Accordingly, this claim fails.

Lastly, Mr. Cooper contends the Court improperly admitted certain evidence that had been discovered in violation of Mr. Cooper's due process rights and right to be free from unreasonable searches and seizures (Doc. 16). Of course, a review of the record reveals that this claim has not been raised until now. It is subject to procedural default. Mr. Cooper again can show no cause or prejudice for this claim. A review of the trial transcript reveals that the Government *requested* the phone records from Sprint-Nextel Corporation. *United States v.Cooper*, Criminal Case No. 08-30066-GPM (Doc. 83, Trial Transcript Day 2 of 3, p.74). The phone records that were admitted into evidence were kept by Sprint as part of their normal course of business (*Id.*) There is simply nothing in the record to support Mr. Cooper's bald assertions that the phone records were discovered under dubious circumstances. This claim fails.

The Court has considered and passed on each of Mr. Cooper's supplemental claims pursuant to Federal Rule of Procedure 60(a). Accordingly, the Court must now turn to the two motions for certificate of appealability filed by Mr. Cooper (Docs. 21, 22). Mr. Cooper asks the Court to certify *all* of his claims.

In a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. 2253(c). Before a certificate of appealability "may be granted, however, the petitioner must present a 'substantial showing of the denial of a constitutional right.' He must have a *constitutional* claim

(or an underlying procedural argument on which a constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'"  *United States v. Fleming,* 676 F.3d 621, 625 (7th Cir. 2012), *quoting* 28 U.S.C. § 2253(c)(2) and *Tennard v. Dretke,* 542 U.S. 274, 281 (2004) (emphasis in original).  "A petitioner makes a substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009), *quoting Arredondo v. Huibreqtse,* 542 F.3d 1155, 1165 (7th Cir. 2008).

Mr. Cooper has raised more than twenty different claims for relief through his initial petition (Doc. 1) and supplemental filings (Docs. 5, 16).  All of the claims raised by Mr. Cooper are procedurally faulty, substantive failures, or both.  For the reasons set forth in the Court's December 5, 2012 Order (Doc. 18) and this Order, Mr. Cooper has not made a substantial showing of the denial of a constitutional right.  Accordingly, the Court **DECLINES** to issue a certificate of appealability.

Since the Court has *sua sponte* addressed Mr. Cooper's supplemental claims pursuant to Federal Rule of Procedure 60(a) and passed on each claim, the prior judgment (Doc. 19) is **VACATED**.  A new judgment shall enter today in a separate document.

**IT IS SO ORDERED.**

**DATED**:  March 6, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge